UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-MC-22098-MOORE/Elfenbein

**EVERLAST ROOFING, INC.,**

    Plaintiff,

v.

**MATTHEW WILSON,** *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Plaintiff Everlast Roofing, Inc.'s ("Plaintiff") Motion to Quash Non-Party Subpoena to Hurricane Engineering & Testing Inc. and Motion to Transfer pursuant to Fed. R. Civ. P. 45(f) (the "Motion"), ECF No. [1]. After Plaintiff filed the Motion, Defendants Matthew Wilson and Peak Quality Products LLC (collectively "Defendants") filed a Response in Opposition (the "Response") and a supporting Declaration. *See* ECF No. [8]; ECF No. [9]. The Honorable K. Michael Moore has referred this matter to me "to take all necessary and proper action as required by law and/or to issue a Report and Recommendation regarding" Plaintiff's Motion. ECF No. [4]. Having reviewed the Motion, Response, record, and relevant law, I recommend that this matter be **TRANSFERRED** to the Middle District of Pennsylvania for adjudication of the merits of Plaintiff's Motion.

    **I.**    **BACKGROUND**

This case stems from a pending action in the United States District Court for the Middle District of Pennsylvania ("MDPA Action") where Plaintiff is suing Defendants Matthew Wilson ("Wilson"), Peak Quality Products LLC ("Peak"), and Hixwood Metal LLC ("Hixwood"). By

way of background, Plaintiff is a roofing and siding products company that imports ridge vent foam from Chinese company Changzhou Dengyue Sponge Co., Ltd. ("Changzhou"). *See* ECF No. [1] at 3. Plaintiff hired Hurricane to conduct extensive testing on the Changzhou ridge vent foam to assess how the product compared to similar ridge vent foam from competing companies. *See id.* Plaintiff considers its Changzhou ridge vent foam testing to be a trade secret under the Defend Trade Secrets Act and the Pennsylvania Uniform Trade Secrets Act. *See id.* at 5.

Wilson worked as a business development manager for Plaintiff from February 23, 2016 to March 7, 2023. *See id.* at 4. His job responsibilities included selling Plaintiff's products and acquiring new business for Plaintiff. *See id.* As part of his employment, Wilson signed a restrictive covenant agreement that "prohibit[ed] him from competing against Everlast during his employment and for two years after his separation." *See id.* After his employment with Plaintiff ended, Wilson became a sales representative for Hixwood and formed Peak. *See id.* at 4, 5.

On May 19, 2023, Plaintiff filed the MDPA Action alleging "(1) breach of contract against Wilson (Count I); (2) misappropriation of trade secrets under [the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, *et seq.*, and the Pennsylvania Uniform Trade Secrets Act ("PUTSA"), 12 P.S. § 5301, *et seq.*] against Wilson and Peak based on the theory that they misappropriated [Plaintiff]'s trade secrets relating [to] its testing of ridge vent foam (Counts II and III); (3) tortious interference with contract against Hixwood and Peak (Count IV); and (4) unfair competition against Hixwood and Peak (Count V)." *Id.* at 5 (emphasis omitted). Also, on May 19, 2023, Plaintiff moved for preliminary injunctive relief, which was partially granted in a consent order that all parties signed on September 19, 2023. *See id.* Then, on January 3, 2024, Plaintiff filed an Amended Complaint that added trade secret misappropriation allegations to encompass Plaintiff's "Customer Information Trade Secrets." *See id.* at 5-6. The Defendants thereafter

CASE NO. 24-MC-22098-MOORE/Elfenbein

moved to dismiss the Amended Complaint. *See id.* at 6. Ultimately, the Court in the MDPA Action denied Defendants' Motion to Dismiss the Amended Complaint. *See* ECF No. [12-2] (*Everlast v. Wilson*, No. 23-CV-828, Order Re Denial of Motion to Dismiss and Quash a Subpoena, ECF No. [106] at 1 (M.D. Pa. July 15, 2024)).

On May 8, 2024, Wilson served Hurricane Engineering & Testing, Inc. ("Hurricane"), a nonparty to the MDPA Action, with a Subpoena to Produce Documents, Information, or Objects (the "Subpoena"), requesting materials regarding Hurricane's testing of Plaintiff's imported Changzhou ridge vent foam as well as all communication and confidentiality agreements between Plaintiff and Hurricane. *See* ECF No. [1] at 6-7; ECF No. [1-1] at 5. The Subpoena directed Hurricane to deliver the materials to Wilson's attorney's office in Miami, Florida. *See* ECF No. [1-1] at 5. On May 31, 2024, Plaintiff moved to quash the Subpoena pursuant to Rules 45(d)(3) and 26(c)(1) or to alternatively transfer the Motion related to the Subpoena from the Southern District of Florida to the Middle District of Pennsylvania, where the underlying action is pending, pursuant to Rule 45(f). *See* ECF No. [1] at 2, 8. Wilson and Peak then jointly filed their Response in which they objected to quashing the Subpoena but did not object to transferring the Motion to the Middle District of Pennsylvania. *See generally* ECF No. [8].

While the Motion was pending in this District, Plaintiff separately raised its concerns about the Subpoena to the presiding district judge in the MDPA Action, who held a conference call and requested briefing, resulting in Plaintiff filing a parallel Motion to Quash in the MDPA Action. *See id. at 8*; ECF No. [1-1] at 5; ECF No. [12-2] at 4. The district court in the MDPA action thereafter denied Plaintiff's Motion to Quash, finding that it lacked jurisdiction under Rule 45 because the Subpoena did not require compliance in the Middle District of Pennsylvania. *See* ECF No. [12-2] at 12-16.

3

Also during the pendency of this case, Plaintiff filed similar motions to quash, or alternatively motions to transfer, related to subpoenas issued to other non-parties, one in the Western District of Pennsylvania and another in the Eastern District of Pennsylvania. As to the motion filed in the Western District of Pennsylvania, the district court transferred that case to the Middle District of Pennsylvania, where the underlying litigation is pending, citing to the non-party's consent to the transfer and the presiding judge's possession of "more institutional knowledge regarding the dispute." *See Everlast Roofing Inc. v. Wilson*, No. 24-MC-00559, Order re Motion to Quash Subpoena, ECF No. [6] (W.D. Pa. July 17, 2024). The district court in the Eastern District of Pennsylvania, however, has not yet ruled on the motion pending in that jurisdiction.

**II.     DISCUSSION**

Under Rule 45(d), any subpoena-related motions must be filed in the court where compliance with the subpoena is required. *See* Fed. R. Civ. P. 45(d). This rule exists "[t]o protect local nonparties." *See Broidy Cap. Mgmt., LLC v. Muzin*, No. 22-MC-20786, 2022 WL 3356588, at *2 (S.D. Fla. Aug. 15, 2022) (quoting Rule 45 Advisory Committee Note, 2013 Amendments ("The prime concern should be avoiding burdens on local nonparties subject to subpoenas[.]")).

However, under Rule 45(f), "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if [1] the person subject to the subpoena consents or [2] if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). As to the first prong of Rule 45(f), a non-party's consent to transfer any subpoena-related motions, standing alone, is enough to justify the change in venue. *See Broidy*, 2022 WL 3356588, at *2 ("consent alone is sufficient to warrant transfer under Rule 45(f)."); *see also Rose v. Cellular Touch Wireless, Inc.*, No. 23-MC-62400, 2024 WL 1586065, at *2 (S.D. Fla. Mar. 26, 2024),

4

*report and recommendation adopted*, No. 23-MC-62400, 2024 WL 1579794 (S.D. Fla. Apr. 11, 2024) (finding that the transfer of a motion to quash a subpoena pursuant to Rule 45(f) was appropriate based on the non-party's consent).

Here, Plaintiff's Motion should be granted under Rule 45(f). Similar to *Broidy* and *Rose*, non-party Hurricane has consented to a Rule 45(f) transfer. The signed declaration of Hurricane's President, Syed Waqar Ali, Ph.D., states that "[i]f Everlast moves to quash the subpoena in the Southern District of Florida, Hurricane consents to the Court transferring such motion to the Middle District of Pennsylvania, which issued the subpoena." ECF No. [1-2] at 2. Additionally, Plaintiff's request to transfer the matter is unopposed. Indeed, Defendants' Response states that "[i]f the Court declines to deny the Motion, then it should transfer the Motion to Judge Mehalchick in the Middle District for disposition there." ECF No. [8] at 19. Thus, for these reasons, transfer to the Middle District of Pennsylvania is appropriate.

Alternatively, and for the sake of completeness, I have also considered whether this case presents "exceptional circumstances" under the second prong of Rule 45(f) to independently warrant transfer. "Although Rule 45(f) does not define 'exceptional circumstances,' the Advisory Committee Notes to the 2013 Amendments provide two examples in which transfer due to exceptional circumstances is appropriate: (i) when the issuing court has already ruled on issues presented in the motion; and (ii) when the same discovery issues are likely to arise in many districts." *Rose*, 2024 WL 1586065, at *2 (citing *Hoog v. PetroQuest LLC*, 338 F.R.D. 515, 517 (S.D. Fla. 2021)). In determining whether the district judge from the issuing district is in a better position to decide the motion to quash, courts should consider the judge's familiarity with the issues involved and the potential implications the resolution of the motion could have on the underlying litigation. *Id.* (citations omitted).

CASE NO. 24-MC-22098-MOORE/Elfenbein

In this case, "exceptional circumstances" justify the transfer of the proceedings to the Middle District of Pennsylvania. Not only has the presiding district court judge already familiarized herself with the issues in the Motion, as the matters have been fully briefed before her, but she also has institutional knowledge about the case, having been presented with at least one motion for preliminary injunction, a motion to dismiss, and the parallel motions to quash. Further, Plaintiff has moved to quash similar subpoenas in three different jurisdictions – Southern District of Florida, Western District of Pennsylvania, and Eastern District of Pennsylvania. The district court in the Western District of Pennsylvania has already transferred the motion filed in that jurisdiction to the Middle District of Pennsylvania. Transfer of the Motion in this case to the Middle District of Pennsylvania avoids the possibility of inconsistent results on similar legal issues in the same case. *See id.* (transferring motion to quash proceedings when "it is evident that the same discovery issues have arisen in several districts and transfer of the proceedings will avoid inconsistent results.").

And, if the Motion is transferred to the Middle District of Pennsylvania, there is no danger of prejudice or undue burden to Hurricane or the Parties. Hurricane has consented to the transfer and is not seeking to challenge the subpoena, minimizing any potential burden on this non-party. As to the Parties, not only do they both agree with a transfer, but a transfer will also lessen any burden as they are already litigating the MDPA Action in that district. Conversely, litigating related issues involving non-party subpoenas in different jurisdictions increases the cost of litigation to the Parties and wastes judicial resources. Thus, under the second prong, this matter also presents "exceptional circumstances," justifying its transfer to the Middle District of Pennsylvania under Rule 45(f).

CASE NO. 24-MC-22098-MOORE/Elfenbein

### III. CONCLUSION

For the foregoing reasons, I respectfully **RECOMMEND** that Plaintiff Everlast Roofing, Inc.'s Motion, **ECF No. [1]**, be **GRANTED in part**. The Court should **DEFER** ruling on the Motion to Quash, ECF No. [1], and **TRANSFER** these proceedings to the Middle District of Pennsylvania. Subsequently, the Clerk of Court should administratively **CLOSE** this case.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on July 29, 2024.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record