UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-mc-22098-KMM

EVERLAST ROOFING, INC.,

    Plaintiff,

v.

MATTHEW WILSON, *et al.*,

    Defendants.
_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff Everlast Roofing, Inc.'s ("Plaintiff") Motion to Quash Non-Party Subpoena to Hurricane Engineering & Testing Inc. and to Transfer pursuant to Fed. R. Civ. P. 45(f). ("Motion" or "Mot.") (ECF No. 1). The Court referred the Motion to the Honorable Marty Fulgueira Elfenbein, United States Magistrate Judge, to take all necessary and proper action as required by law and/or to issue a Report and Recommendation. (ECF No. 4). On July 29, 2024, Magistrate Judge Elfenbein issued a Report and Recommendation, ("R&R") (ECF No. 13), recommending that the matter be TRANSFERRED to the Middle District of Pennsylvania for adjudication of the merits of Plaintiff's Motion. *See* R&R at 7. Neither Defendants nor Plaintiff objected to the R&R. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

**I.    BACKGROUND**

This case stems from a pending action in the United States District Court for the Middle District of Pennsylvania ("MDPA Action"), where Plaintiff alleges claims of (1) breach of contract; (2) misappropriation of trade secrets; (3) tortious interference with

contract; and (4) unfair competition. (ECF No. 1) at 5. Defendant Matthew Wilson ("Wilson") served Hurricane Engineering & Testing, Inc. ("Hurricane"), a non-party to the MDPA Action, with a Subpoena to Produce Documents, Information, or Objects (the "Subpoena"). R&R at 3. The Subpoena directed Hurricane to deliver the materials to Wilson's attorney's office in Miami, Florida. *Id.* On May 31, 2024, Plaintiff moved to quash the Subpoena pursuant to Rule 45(d)(3) and 26(c)(1) or to alternatively transfer the Motion related to the Subpoena from the Southern District of Florida to the Middle District of Pennsylvania, where the underlying action is pending pursuant to Rule 45(f). *Id.*

While the Motion was pending in this District, Plaintiff separately filed a parallel Motion to Quash in the MDPA Action. *Id.* The district court in the MDPA Action denied Plaintiff's Motion to Quash, finding that it lacked jurisdiction under Rule 45 because the Subpoena did not require compliance in the Middle District of Pennsylvania. *Id.* Plaintiff has also filed similar motions to quash, or alternatively motions to transfer, related to subpoenas issued to other non-parties in the Western District of Pennsylvania and the Eastern District of Pennsylvania.

## II.   LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that

the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

Yet when a party has failed to object or has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

### III.   DISCUSSION

As set forth in the R&R, Magistrate Judge Elfenbein recommends that Plaintiff's Motion be granted in part, that the Court should defer ruling on the Motion to Quash, and transfer these proceedings to the Middle District of Pennsylvania. *See generally* R&R. Specifically, the R&R sets forth that the Motion should be granted under Rule 45(f), which provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if [1] the person subject to the subpoena consents or [2] if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Here, non-party Hurricane consents to the Court transferring the Motion to the Middle District of Pennsylvania. R&R at 5. Furthermore, Magistrate Judge Elfenbein sets forth that "exceptional circumstances" justify the transfer of the proceedings to the Middle District of Pennsylvania, given the presiding district court judge has familiarized herself

3

with the issues in the Motion, has institutional knowledge about the case, and has already been presented with parallel motions to quash. *Id.*

The Court received no objections to the aforementioned findings in the R&R. Upon a review of the record, the Court finds no clear error with Magistrate Judge Elfenbein's findings.

IV. **CONCLUSION**

Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Report and Recommendation (ECF No. 13) is ADOPTED. The Court DEFERS ruling on the Motion to Quash (ECF No. 1) and TRANSFERS these proceedings to the Middle District of Pennsylvania. The Clerk of Court is INSTRUCTED to ADMINISTRATIVELY CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this __30th__ day of August, 2024.

*[signature: K. M. Moore]*

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE